IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| FRED HEMKER, ) | |
| ) | |
| *Plaintiff,* ) | Case No. 09-CV-2090 CM/DJW |
| ) | |
| v. ) | |
| ) | Division No. _____ |
| BNSF RAILWAY CO., ) | |
| ) | |
| *Defendant.* ) | |

**Serve:** THE CORPORATION COMPANY
515 S. Kansas Avenue
Topeka, Kansas 66603

## COMPLAINT

Fred Hemker ("the plaintiff") files this complaint against the BNSF Railway Company ("the defendant" or "BNSF") for work-related personal injuries. In support of this complaint, he states and alleges the following:

### THE PARTIES, JURISDICTION, AND VENUE

1. The plaintiff brings this action under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA").

2. This Court has jurisdiction under 45 U.S.C. § 56 and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(c).2. The plaintiff is a resident of Oklahoma. At all times relevant to this lawsuit, he was an employee of the defendant.

3. BNSF is a corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the

various states of the United States. Process may be served upon the defendant's registered agent listed in the caption. BNSF is a foreign corporation authorized to do business in this state.

4. At all times relevant to this lawsuit, BNSF operated its business within this county. BNSF is subject to this Court's personal jurisdiction.

5. Certain officers, agents, and employees of BNSF have exercised decision-making responsibility over facts and issues relevant to this lawsuit, including: (a) responsibility over the work conditions that caused or contributed to cause the plaintiff's injuries; (b) authority over the physical and medical requirements of the plaintiff's job; (c) the plaintiff's compensation, benefits, and other conditions of employment; (d) the plaintiff's right to return to work under medical restriction; (e) the labor rules and practices relevant to any claims or defenses in this case; and (f) upon information and belief, other matters that may be revealed in discovery.

### FACTS SUPPORTING THE PLAINTIFF'S CLAIMS

6. During his many years working for the defendant, the plaintiff was exposed to numerous working conditions that caused or contributed to cause repetitive trauma injuries to his neck, spine, shoulders, arms and wrists.

7. These injuries have caused the plaintiff to be permanently and totally disabled from performing his job. Furthermore, the plaintiff never received proper ergonomic training on the subjects of body posture and mechanics, prevention of injury, and recognition of injury.

### BNSF'S NEGLIGENCE UNDER THE FELA

8. At all times relevant to this petition, BNSF had a legal duty to provide the plaintiff with safe working conditions, safe equipment, and safe methods of work. *See* 45 U.S.C. §§ 51, *et seq*.

9. In subjecting the plaintiff to the unsafe working conditions described in paragraph 7 of this petition, BNSF breached its duty to the plaintiff in one or more of the following respects: (a) failing to construct new facilities [or modify existing facilities] so that the plaintiff was not required to work in bent or otherwise awkward positions; (b) failing to properly maintain its equipment; (c) failing to provide the plaintiff with equipment designed to minimize or prevent injury; (d) failing to properly train the plaintiff to recognize and treat repetitive trauma injuries; (e) failing to conduct studies to determine the ergonomic and physical impact of the plaintiff's work in the machine pits and elsewhere; and (f) failing to promulgate and follow rules and safety procedures that would prevent injury to the plaintiff.

10. The plaintiff adopts all prior and subsequent paragraphs of this petition, and further states that BNSF knew, or by the exercise of ordinary care should have known, that breaching one or more of the duties described above could cause or contribute to cause injury to the plaintiff. These breaches of duty constitute negligence and a violation of the FELA and its provisions cited in this petition.

11. Over time, the negligence of BNSF as described in paragraphs 9 and 10 of this petition, has caused or contributed to cause severe and disabling injuries to the plaintiff's spine. Those injuries have permanently disabled the plaintiff, and as a result he is—in the opinion of his treating physician—physically unable to continue working as a machinist (or any other similar position) for BNSF.

### THE PLAINTIFF'S DAMAGES

12. The plaintiff's injuries have caused him to suffer economic and non-economic loss and damages as follows: (a) his past and future pain and suffering – both physical and mental; (b) the impairment of his ability to perform usual activities; (c) disfigurement caused by

his injuries; (d) aggravation caused to any preexisting condition (if any such condition existed); (e) the reasonable value of necessary medical care received and expenses incurred as a result of his injuries; (f) the present cash value of medical care and expenses reasonably certain and necessary to be required in the future; (g) the reasonable value of the past earnings capacity lost as a result of the injury; (h) the present cash value of the future earning capacity lost because of the injury, taking into consideration the earning power, age, health, life expectancy, mental and physical abilities, habits, and disposition of the plaintiff, and any other circumstances shown by the evidence; (i) the reasonable value of necessary services provided by another in doing things for the plaintiff, which, except for the injury, the plaintiff would ordinarily have performed; and (j) the present cash value of such services reasonably certain to be required in the future.

### THE PLAINTIFF'S CLAIM FOR RELIEF

13. The plaintiff hereby adopts all prior paragraphs of this complaint, and for all the reasons stated, now demands judgment in his favor and against defendant BNSF for the following: (a) fair and reasonable monetary compensation for his injuries and damages; (b) his costs in bringing this action; (c) all damages and relief allowed under FELA that have not been specifically requested in this complaint; and (d) all other relief that this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

14. The plaintiff demands a trial by jury under FED.R.CIV.P. 38.

### DESIGNATION OF PLACE FOR TRIAL

15. The plaintiff designates Kansas City, Kansas as the place for trial under D. KAN. RULE 40.2.

Respectfully submitted,

**HUBBELL PEAK O'NEAL NAPIER & LEACH**
*Attorneys for Plaintiff*

By: _____/s/ Jarrett A. Johnson_____
Jarrett A. Johnson            #78021
Union Station – Suite 350
30 West Pershing Road
Kansas City, Missouri 64108
Telephone: 816-221-5666
Facsimile: 816-221-5259